UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| IN RE: TOYA CHERISE SMALLS, | { CHAPTER 13 |
| | { |
| DEBTOR | { CASE NO. A25-58712-BEM |
| | { |
| | { JUDGE ELLIS-MONRO |

### OBJECTION TO CONFIRMATION

COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor's payments under the proposed plan are not current.

2. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). 82( months).

3. The Debtor has failed to provide the Trustee with a copy of the 2024 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor provide the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

1.

4. Pursuant to information received at the 341 meeting, 2024 state and federal tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

5. Pursuant to information received from the Internal Revenue Service, 2022 through 2024 tax returns have not been provided to the taxing authorities and information received from the Georgia Department of Revenue, 2024 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

6. The funding of post-petition mortgage payments have not been maintained in the above-styled Chapter 13 case possibly indicating that the present budget and proposed plan are infeasible, 11 U.S.C. § 1325(a)(6).

7. The payout of the claim owed to the Georgia Department of Revenue will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

8. The Chapter 13 petition fails to include a debt owed to Halcyon Lake Association, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

                                                                           /s/
                                      Albert C. Guthrie, Attorney
                                      for Chapter 13 Trustee
                                      GA Bar No. 142399

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

2.

A25-58712-BEM

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day I electronically filed the foregoing Objection to Confirmation using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Law Offices of Stanley J. Kakol, Jr.

    I further certify that on this day I caused a copy of this document to be served via first-class United States mail, postage prepaid, on the following parties at the address shown for each:

Toya Cherise Smalls
5250 Halcyon Drive
Atlanta, GA 30349

This 19th day of September, 2025

Respectfully submitted,

  /s/_____
Albert C. Guthrie, Attorney
for the Chapter 13 Trustee
GA Bar No. 142399

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
albertg@atlch13tt.com

3.